CULPEPPER, Judge.
This is a companion case to Ortego v. State of Louisiana. Through the Department of Highways, La.App., 130 So.2d 432 in which we have also this date rendered our opinion. As stated in the opinion in the Ortego case, all issues except those relating to quantum have already been decided by this Court in the case of Peart v. State of Louisiana. Through the Department of Highways, La.App., 125 So.2d 673.
In the instant case the lower court awarded plaintiffs the following:
1) Property taken for the highway right of way (3.711 acres @ $400 per acre) $1484.00
2) Diminution in value of land remaining on east side of highway (5.52 acres @ $300 per acre) $1350.00
Total $2834.00
Plaintiff has answered the appeal and asks for an increase in the award as follows:
1) Property taken for highway right of way (3.711 acres @ $475 per acre) $1765.00
2) Diminution in value of land remaining on east side of highway (4.5 acres @ $375 per acre) $1687.00
3) Diminution in value to residential premises $2500.00
Total $5952.00
With reference to the value of the property actually taken for the highway right of way and the diminution in value of the land remaining on the east side of the highway, the evidence in this case is substantially the same as that in the Ortego case. For the reasons assigned by us in the said Ortego case, we therefore affirm the award by the trial judge as to these two items.
With reference to the claim for diminution in value of the residential premises, we find that here, as in the Ortego case, the highway which formerly ran in front of the Guyton residence was relocated so that it now runs only a few feet from the rear thereof. Under the authorities cited by us in the Ortego case, it is our opinion that these consequential damages are recoverable, the measure thereof being the diminution in the market value caused by the taking.
The evidence in this regard consists first of the testimony of the expert realtor, Mr. *674 W. C. .Webb, who stated that there was a diminution in market value of the property because of the residence having its rear toward the highway and only a few feet therefrom. His opinion of the best way to minimize this damage was to turn the house around. Although Mr. Webb actually gave no estimate as to the amount of diminution in value to the residential premises, it is a fair inference from his testimony that he thought the amount of this diminution would be more than the actual cost of turning the house around.
The expert witness, Mr. T. O. Wells, appraised the residence at $7,500 and stated that in his opinion it had suffered a diminution in value of one-third because of the relocation of the highway. Mr. M. M. Morgan, a house moving contractor, estimated the cost of turning the house around at $2,868.
The trial judge denied recovery of this item of damages, concluding that the evidence presented showed only the cost of turning the building about and relocating it but did not show the amount of diminution in market value of the land and improvements, It is apparent that the trial judge understood the law correctly but we differ from his interpretation of the evidence. Under the testimony outlined above, it is our opinion that plaintiff has shown the residential premises were diminished in value by at least the $2,500 claimed. Mr. Wells actually estimated the amount of diminution at $2,500 and the cost of moving the house has evidential value in this regard. The trial judge also, in denying this item of damage, considered the fact that on the date of the trial more than 11 years had elapsed since the time the highway was relocated, and the Guyton residence still had not been turned around. We cannot agree that this is a factor in the determination of the issue at hand.
For the reasons hereinabove set forth, the judgment appealed from is amended so as to award the plaintiff an additional amount of $2,500 for diminution in value to the residential premises, making the total amount of the award to plaintiff in this case the sum of $5,334.40. As thus amended the judgment is affirmed. All costs of this appeal are assessed against the plaintiffs.
Amended and afljrmed.